UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------)
ZOOM TELEPHONICS, INC.,                    )
    Plaintiff,                                         )
                                                           )   Civil Action No.
v.                                                             )
                                                           )   COMPLAINT AND DEMAND
IN TOUCH CONCEPTS, INC.,                 )   FOR JURY TRIAL
    Defendant.                                      )
---------------------------------------------------------)

The plaintiff, Zoom Telephonics, Inc. ("Zoom"), for its complaint against the defendant, In Touch Concepts, Inc., ("In Touch") states, based on information and belief, that:

## NATURE OF THE ACTION

1. In this action the plaintiff, Zoom Telephonics, Inc., seeks to recover damages and to obtain preliminary and permanent injunctions for the defendant's infringement of Zoom's trademarks at common law and under the Lanham Act; for false designation of origin, false or misleading description of fact, and false or misleading representation of fact under the Lanham Act; for the defendant's infringement of Zoom's trade name; for dilution of Zoom's trademarks under 15 U.S.C. §1125(c) and Mass. Gen. Laws ch. 110B, §12; and for the defendant's unfair competition against Zoom.

## THE PARTIES

2. The plaintiff, Zoom Telephonics, Inc., is a Delaware corporation with a place of business at 207 South Street, Boston, Massachusetts 02111.

3. The defendant, In Touch Concepts, Inc., is a New York corporation with places of business at 100 W. Nicholai Street, Hicksville, New York 11801, and in the Commonwealth of Massachusetts at, *inter alia*, 1948 Beacon Street, Brighton, Massachusetts 02135.

## JURISDICTION AND VENUE

4. This court has jurisdiction of the subject matter of this action under 28 U.S.C. §§1331, 1367(a), and 1338, the Lanham Act, Title 15 of the United States Code, and the principles of supplemental and ancillary jurisdiction.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b) and 1391(c).

## THE PLAINTIFF'S RIGHTS

6. Zoom is a multinational telecommunications technology company and is a leading innovator and developer of telecommunications products and services, including voice over IP telecommunications services. Zoom's products and services include telecommunications and personal computer peripheral products such as modems, fax modems, voice/fax modems, ISDN products, dialers, communications processors and voice storage and playback apparatus, video cameras, and related services such as voice over IP telecommunications services.

7. Zoom owns various intellectual properties including the trademark ZOOM.

8. Since 1977, Zoom and its predecessors have used the mark ZOOM continuously in interstate commerce in connection with its products and services including as a brand name for its products and services.

9. Zoom has registered the ZOOM trademark on the Principal Register as Registration Nos. 1,892,967; 2,159,438; 2,390,831; 2,675,838; 2,784,568; and 2,891,467. Additionally, Zoom has registered the ZOOM mark in combination with other words and designs over the years. The registrations are currently in force and are owned by Zoom.

10. The mark ZOOM was adopted and has been used by Zoom and its predecessors in connection with the advertising, promotion, offering, and sale of various telecommunications

products and related services in interstate commerce and in connection with its business, continuously for approximately thirty years. As a result of this long, continuous and substantial use of the ZOOM mark by Zoom and its predecessors, the public, customers and purchasers of telecommunications products and services have come to associate the ZOOM mark with the high quality products and services of Zoom.

## THE DEFENDANT'S ACTIONS

11.     The defendant In Touch markets and sells products and services for communication applications, including wireless products, telecommunication service plans and telecommunication service activation, under the business name of Zoom Wireless.

12.     The defendant is improperly referring to its business and using a phrase that includes "Zoom" in commerce as a mark for its goods and services without Zoom's permission.

13.     On its web site, maintained at www.zoomwireless.com, the defendant makes extensive use of the mark ZOOM. The defendant's use includes the mark ZOOM alone, as well as ZOOM WIRELESS with "ZOOM" dominant in a large, colored logo format, and "WIRELESS" in smaller white letters thinly outlined in black on a white background.

14.     The defendant publicly advertises in national and local newspapers using a mark that prominently includes "ZOOM." The defendant also advertises on the internet using a mark that prominently includes "ZOOM." The defendant's advertising is directed to the public including persons and businesses seeking telecommunications goods and services. According to its website, the defendant uses "Group Advertising in Major Newspapers to Create Strong brand identity in the mind of the Customers." *See* http://www.zoomwireless.com/bizopp.jsp.

15. The defendant has six stores in Massachusetts, and over 80 stores total in New York, Pennsylvania, New Jersey, Texas, Maryland and the greater New England Area.

16. The goods and services provided by In Touch are related to the goods and services provided by Zoom.

17. There is overlap between the prospective purchasers of the products and services of both Zoom and the defendant.

18. The defendant In Touch has not been authorized by Zoom to use any intellectual property, including trademarks or service marks, belonging to Zoom. Zoom does not intentionally or voluntarily sponsor or approve In Touch's products or services nor does In Touch have an intentional or voluntary affiliation, connection, or association with Zoom or Zoom's products or services.

19. The defendant In Touch's use of ZOOM and ZOOM WIRELESS is likely to cause confusion, mistake, and deception and is likely to continue to cause confusion, mistake, and deception in the marketplace and among the public, particularly as to the mistaken belief as to the origin, sponsorship, approval, affiliation, connection, or association of the defendants' products and services with Zoom and Zoom's products and services.

## COUNT I

(Infringement of Common Law Trademarks)

20. The plaintiff repeats and realleges each and every allegation contained in paragraphs one through 19 of this complaint as if they were fully set forth.

21. The defendant has infringed and is infringing the plaintiff's common law trademark rights in the mark ZOOM.

22.     Zoom has been damaged and is being damaged by the defendant's infringement of its common law trademark rights.

## COUNT II

(Trademark Infringement Under the Lanham Act)

23.     The plaintiff repeats and realleges each and every allegation contained in paragraphs one through 22 of this complaint as if they were fully set forth.

24.     The defendants' actions were and are in violation of 15 U.S.C. §1114(1)(a), which imposes liability for the use in commerce of any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

25.     Zoom has been and is being damaged as a result of the defendants' violation of 15 U.S.C. § 1125(a).

## COUNT III

(False Designation of Origin, False or Misleading Description of Fact, and False or Misleading Representation of Fact under the Lanham Act)

26.     The plaintiff repeats and realleges each and every allegation contained in paragraphs one through 25 of this complaint as if they were fully set forth.

27.     The defendants' actions were and are in violation of 15 U.S.C. §1125(a) (Lanham Act § 43(a)), which imposes liability for any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of a person with another person or as to the origin, sponsorship, or approval of its goods, services, or

commercial activities by another person, or in commercial advertising and promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities.

28. Zoom has been and is being damaged by the defendant's violation of 15 U.S.C. § 1125(a) by misleading customers with their use of the federally registered trademark ZOOM and design.

## COUNT IV

### (Trade Name Infringement)

29. The plaintiff repeats and realleges each and every allegation contained in paragraphs one through 28 of this complaint as if they were fully set forth.

30. The defendant has infringed and is infringing Zoom's trade name.

31. Zoom has been and is being damaged by the defendant's infringement of Zoom's trade name.

## COUNT V

### (Dilution under 15 U.S.C. §1125(c))

32. The plaintiff repeats and realleges each and every allegation contained in paragraphs one through 31 of this complaint as if they were fully set forth.

33. The plaintiff's ZOOM mark has become famous, as that term is used and defined in 15 U.S.C. §1125(c).

34. The defendant's commercial use of the ZOOM mark in commerce has caused and will continue to cause dilution of the distinctive quality of the mark in violation of 15 U.S.C. §1125(c).

35. Zoom has been damaged by the defendant's dilution of the distinctive quality of its famous ZOOM mark.

## COUNT VI

(Dilution under Mass. Gen. Laws ch. 110B, §12)

36. The plaintiff repeats and realleges each and every allegation contained in paragraphs one through 35 of this complaint as if they were fully set forth.

37. The defendant's use of the ZOOM mark in commerce is causing a likelihood of injury to Zoom's business reputation and dilution of the distinct quality of its ZOOM trademark.

38. By reason of the foregoing, Zoom is entitled to relief under Mass. Gen. Laws ch. 110B, §12.

## COUNT VII

(Unfair Competition)

39. The plaintiff repeats and realleges each and every allegation contained in paragraphs one through 38 of this complaint as if they were fully set forth.

40. The defendant, by its actions, has engaged and is engaging in unfair competition.

41. Zoom has been and is being damaged by the defendant's unfair competition.

## PRAYER

WHEREFORE, the plaintiff, Zoom Telephonics, Inc., prays judgment as follows:

A. Preliminarily and permanently enjoining the defendant from utilizing ZOOM or ZOOM WIRELESS or any confusingly similar term to promote its goods or services;

B. Preliminarily and permanently enjoining the defendant from using "ZOOM," "ZOOM WIRELESS" or any confusingly similar term as a trade name for its company;

C.	Preliminarily and permanently enjoining the defendant from diluting the distinctive quality of the plaintiff's ZOOM mark;

D.	Preliminarily and permanently enjoining the defendant from engaging in unfair methods of competition with the plaintiff;

E.	Determining and awarding the plaintiff its damages resulting from the defendant's infringement of its common law trademark rights, as alleged in Count I of the complaint, plus interest, costs, and attorneys' fees;

F.	Determining and awarding the plaintiff its damages resulting from the defendant's trademark infringement under 15 U.S.C. § 117 of its federally registered trademark ZOOM, as alleged in Count II of the complaint, plus interest, costs, and attorneys' fees;

G.	Determining and awarding the plaintiff its damages resulting from the defendant's false designation of origin, false or misleading description of fact, and false or misleading representation of fact under 15 U.S.C. § 1125(a), as alleged in Count III of the complaint, plus interest, costs, and attorneys' fees;

H.	Determining and awarding the plaintiff its damages resulting from the defendant's infringement of the plaintiff's trade name, as alleged in Count IV of the complaint, plus interest costs, and attorneys' fees;

I.	Determining and awarding the plaintiff its damages resulting from the defendant's violation of dilution of the famous ZOOM mark under 15 U.S.C. § 1125(c), as alleged in Count V of the complaint, plus interest, costs, and attorneys' fees;

J.	Determining and awarding the plaintiff its damages resulting from the defendant's dilution under Mass. Gen. Laws ch. 110B §12 as alleged in Count VI of the complaint, plus interest, costs, and attorneys' fees;

K.    Determining and awarding the plaintiff its damages resulting from the defendant's unfair competition with the plaintiff, as alleged in Count VII of the complaint, plus interest, costs, and attorneys' fees; and

L.    Granting such other and further relief as this Court may deem just and proper.

### JURY DEMAND

The plaintiff requests a trial by jury in this action for all issues triable by jury.

ZOOM TELEPHONICS, INC.
By its attorneys,

/s/ Colin C. Durham
John L. DuPré (BBO# 549,659)
Susan G. L. Glovsky (BBO# 195,880)
Colin C. Durham (BBO# 652,484)
HAMILTON, BROOK, SMITH & REYNOLDS, P.C.
530 Virginia Road, P.O. Box 9133
Concord, Massachusetts  01742-9133
Phone:  (978) 341-0036
Fax:    (978) 341-0136
john.dupre@hbsr.com
susan.glovsky@hbsr.com
colin.durham@hbsr.com

Dated:  September 13, 2007

748197_1